William D. Hyslop
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 0 3 2020

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:20-CR-0022-TOR |
| vs. | PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C) |
| JAMES MATTHEW ETHRINGTON, | |
| Defendant. | |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and Defendant, JAMES MATTHEW ETHRINGTON, and the Defendant's counsel, Zachary Ayers, agree to the following Plea Agreement:

    1.    <u>Guilty Plea and Maximum Statutory Penalties</u>:

    The Defendant, JAMES MATTHEW ETHRINGTON, agrees to enter a plea of guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to Count 1 of the Indictment filed on February 19, 2020 , charging the Defendant with Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

PLEA AGREEMENT - 1

The Defendant understands that this charge is a Class A felony charge and also understands that the maximum statutory penalty for this offense is not less than 10 years nor more than a life term of incarceration; a fine not to exceed $10,000,000; a term of supervised release of not less than 5 years up to a life term; denial of certain federal benefits; and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.

2.    Global Resolution:

The Defendant is currently charged by the State of Washington, in and for the County of Spokane, with multiple offenses under the following Spokane County Superior Court Cause Numbers: 17-1-04973-6; 18-1-02801-0; 19-1-02214-1; 19-1-02656-2; and 19-1-10788-1. The Defendant affirmatively wishes to resolve all of these federal and state charges as part of a single, global resolution[1]. This agreement does not contemplate the resolution of any charges in any other jurisdiction.

After the Defendant enters his plea to the federal charge pending against him in the Eastern District of Washington on or about September 3, 2020, the Defendant understands the State of Washington will obtain a Writ to have him transferred to state custody and transported to the Spokane County Courthouse to allow him to enter pleas of guilty under his agreement with the State of Washington. After the Defendant enters his pleas in state court, he will either proceed to sentencing in state court or be returned to the federal custody of the United States Marshal's Service.

---

[1] The United States is not seeking to include these events as relevant conduct under USSG §1B1.3. However, the United States is free to discuss and argue this event as conduct to be considered by the sentencing court under the 18 U.S.C. § 3553(a) sentencing factors.

PLEA AGREEMENT - 2

The Defendant understands he will then remain in federal custody until he is sentenced in federal court on his plea of guilty to the federal charge contemplated herein in the Eastern District of Washington. If the Defendant has not yet been sentenced in state court after the Defendant is sentenced on the federal charge, the Defendant understands the State of Washington will then again obtain a Writ to have him transferred into state custody to be sentenced on the state charge. After the Defendant is sentenced on the state charge, he will be returned to federal custody to serve his federal sentence, before he serves any state sentence, which the parties expect to run concurrently to the federal sentence.

In order to effectuate the entry of pleas in this case, and to ensure that the Defendant serves the majority of the sentence imposed in a federal facility, the Defendant agrees to execute a waiver of any Interstate Agreement on Detainers Act Anti-Shuttling rights he may have, before entry of his guilty plea to the federal charge. The Defendant is not waiving any such rights he may have with respect to cases in any other jurisdiction(s).

If the Defendant does not resolve the state charges referenced herein as agreed in state court, then the Defendant shall be in material breach of this Plea Agreement and the United States, at its sole discretion, may withdraw from the Plea Agreement.

3.    Denial of Federal Benefits:

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

PLEA AGREEMENT - 3

4.    <u>The Court is Not a Party to the Plea Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement.  Sentencing is a matter that is solely within the discretion of the Court.  The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter.  The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward in the exercise of its discretion pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005).

The Defendant understands that should the sentencing judge decide to sentence the Defendant to more than 235 months of incarceration, the Defendant may withdraw from this Plea Agreement and may withdraw his guilty plea.  The Defendant also understands that should the sentencing judge decide to sentence the Defendant to less than 180 months, the United States may withdraw from this Plea Agreement.

5.    <u>Waiver of Constitutional Rights</u>:

The Defendant, JAMES MATTHEW EHTRINGTON, understands that by entering these pleas of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).    The right to a jury trial;

(b).    The right to see, hear and question the witnesses;

(c).    The right to remain silent at trial;

(d).    The right to testify at trial; and

(e).    The right to compel witnesses to testify.

PLEA AGREEMENT - 4

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

6.   Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Possession with Intent to Distribute 50 Grams or More Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about August 27, 2019, in the Eastern District of Washington and elsewhere, the Defendant, JAMES MATTHEW ETHRINGTON, knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine; *Second*, the Defendant possessed the mixture or substance containing methamphetamine with the intent to distribute it to another person; and *Third*, the mixture or substance contained 50 grams or more of actual (pure) methamphetamine.

7.   Statement of Facts:

The United States and the Defendant stipulate and agree that the United States could prove these facts beyond a reasonable doubt at trial; these facts are accurate; and these facts constitute an adequate factual basis for JAMES MATTHEW ETHRINGTON's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement. The parties further agree and stipulate that this factual basis is simply a summary to support the plea, it does not contain all facts which could be proven by the United States.

PLEA AGREEMENT - 5

On or about August 27, 2019, officers with the Spokane Police Department observed suspicious activity related to a potentially stolen vehicle. Two vehicles appeared associated with the incident. Corporal Daniel followed one of the vehicles, a GMC Yukon, as it left the location. Officer Rodriguez also followed the vehicle and observed the driver of the vehicle, later identified as the Defendant, JAMES MATTHEW ETHRINGTON, look in his mirrors and notice Corporal Daniel's vehicle. Corporal Daniel initiated a traffic stop by activating his emergency overhead lights. The Defendant repeatedly looked in his rear view mirror and traveled several additional blocks before eventually pulling over, despite multiple safe locations for him to pull over during that time. During those additional blocks of travel, Officer Rodriguez observed the Defendant moving in the vehicle, making furtive-type movements, and ducking out of view for a period of time.

The driver verbally identified himself as the Defendant and stated that his driving status was suspended. A check with Washington State Department of Licensing confirmed this status. During the contact, Officer Rodriguez observed common drug-use paraphernalia in the driver's area of the vehicle. The Defendant was arrested. A search of his person revealed approximately $790.00 in U.S. Currency.

A search warrant was obtained for the vehicle. In the vehicle were documents with the Defendant's name, and a "hot/cold" type bag on the floorboard behind the driver's side seat. In that bag, the DEA Laboratory has confirmed was approximately 2,245.9 grams of actual (pure) methamphetamine. Next to where the "hot/cold" type bag was located was a shoebox, which contained approximately 480.8 grams of heroin (per the DEA Laboratory), a cup with heroin residue, two digital scales, and empty plastic bags with heroin residue in them. In the center console of the vehicle was approximately $9,163 in U.S. Currency as well as counterfeit currency. The Spokane County Sheriff's Office Forensic Unit examined the packaging containing the

PLEA AGREEMENT - 6

methamphetamine and located the Defendant's fingerprint on one of the packages containing methamphetamine.

8.    The United States Agrees

(a).    *Not to File New Charges*:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement.

(b).    *Dismissal of Count 2*:

At sentencing, the United States will move the Court to dismiss Count 2 of the Indictment charging the Defendant with Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

9.    United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. The Defendant also understands that pursuant to United States v. Booker, 543 U.S. 220 (2005), the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), and to impose a reasonable sentence.

(a).    *Base Offense Level and Relevant Conduct*:

The United States and the Defendant stipulate and agree to recommend to the Court the Base Offense Level is 36 as the Defendant possessed at least 30,000 kilograms but less than 90,000 kilograms of converted drug weight[2]. *See* USSG §2D1.1(a)(5), (c)(2); USSG §1B1.3(a).

---

[2] The parties are recommending the use of the drug conversion table per U.S.S.G. §2D1.1 cmt. 8.

PLEA AGREEMENT - 7

(b).   *Specific Offense Characteristics*:

The United States and the Defendant to recommend that no special offense characteristics apply. *See generally* USSG §2D1.1(b).

(c).   *Role Adjustments*:

The United States and the Defendant agree to recommend no role adjustment applies. *See* USSG §3B1.1; §3B1.2.

(d).   *Acceptance of Responsibility*:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Agreement; and enters a plea of guilty no later than the next Pre-Trial Conference date; the United States will move for a three (3)-level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3)-level reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever, other than any new criminal offenses brought by the State of California, or if the Defendant tests positive for any controlled substance.

(e).   *Criminal History*:

The United States and the Defendant have made no agreement and make no representations as to the Defendant's Criminal History Category, which shall be determined by the Court at sentencing after the Presentence Investigation Report is completed.

\\

\\

PLEA AGREEMENT - 8

10.    <u>Length of Incarceration</u>:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Court may impose a term of incarceration within the range of 180 months and 235 months, to be run concurrent to any term of incarceration that may be imposed in the State of Washington cases contemplated in this global resolution (Paragraph 2, *supra*).  The United States will recommend a term of incarceration of 235 months and the Defendant will recommend a term of incarceration of 180 months.

11.    <u>Criminal Fine</u>:

The United States and the Defendant agree to recommend the Court impose no criminal fine.

12.    <u>Supervised Release</u>:

The United States and the Defendant agree to jointly recommend that the Court impose a five (5) year term of supervised release, to include the following special conditions, in addition to the standard conditions of supervised release:

(a).  that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release; and

(b).  that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

13.    <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14.    <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these

PLEA AGREEMENT - 9

obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program if the Court sentences the Defendant to a term of incarceration.

15.    Additional Violations of Law Can Void Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever, other than any new criminal offenses brought by the State of California, or if the Defendant tests positive for any controlled substance.

16.    Waiver of Appeal and Collateral Attack Rights:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal the sentence if the Court accepts this Plea Agreement.

The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentencing, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes sentence.

Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on Count 1 of the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may prosecute the Defendant on all available charges involving or arising from his participation in drug trafficking. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

17.    Integration Clause:

PLEA AGREEMENT - 10

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____      9/3/2020
Caitlin Baunsgard                     Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

PLEA AGREEMENT - 11

1

_____        9/3/2020
JAMES MATTHEW ETHRINGTON        Date
2  Defendant

3

4

5       I have read the Plea Agreement and have discussed the contents of the Plea
6  Agreement with the Defendant.  The Plea Agreement accurately and completely sets
7  forth the entirety of the agreement between the parties.  I concur in Defendant's
   decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason
8  why the Court should not accept the Defendant's plea of guilty.

9

10

11

_____        9/3/2020
12 Zachary Ayers        Date
13 Attorney for the Defendant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT - 12